IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VALERIE LOY, On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) | **COLLECTIVE ACTION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. _____ |
| REHAB SYNERGIES, LLC, | ) ) | JUDGE _____ |
| Defendant. | ) ) ) | **JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, Valerie Loy, brings this collective action lawsuit on behalf of herself and all those similarly situated against Rehab Synergies, LLC ("Rehab Synergies" or Defendant), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff alleges that during her employment with Defendant, she often worked more than forty (40) hours per workweek without receiving overtime pay for all hours worked over forty (40) in a workweek, in violation of the FLSA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claim because it is brought pursuant to the FLSA, 29 U.S.C. § 216(b), and raises a federal question pursuant to 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391 because Defendant operates its business in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### PARTIES

1

5. Plaintiff is an individual residing in Edinburg, Hidalgo County, Texas.

6. Defendant Rehab Synergies, LLC's ("Rehab Synergies") principal place of business is located at 368 New Hampstead Road, 309, New City, New York, 10956.

7. According to its website, Rehab Synergies provides residential and transitional healthcare services in approximately 46 Skilled Nursing Facilities throughout the state of Texas.

## FACTS

8. Plaintiff worked for Defendant as a Speech Language Pathologist ("SLP") from approximately March 2014 through August 2016.

9. As an SLP, Plaintiff worked for Defendant at two locations: Colonial Manor and McAllen Nursing Center. The companywide pay practices that are at the center of Plaintiff's allegations, and more fully described below, occurred at both facilities.

10. As an SLP, Plaintiff was responsible for performing the following work: providing speech language therapy to skilled nursing facility patients; completing all necessary visit related documentation and other required paperwork; communicating with patients' families about their treatment; transporting some patients to a location for therapy; attending meetings as dictated by Defendant; and performing other duties necessary to perform her job.

11. Defendant paid Plaintiff and other therapists by the hour.

12. Plaintiff and other therapists often worked over forty (40) hours per workweek. During the first two years while employed by Defendant, Plaintiff was getting paid for working between approximately 32-40 hours per week but was regularly working an additional 8-10 hours off the clock. The result was that she often worked in excess of 40 hours, but she did not get paid for the off the clock work. Also, Plaintiff did not get any overtime pay when those off the clock hours pushed her over 40 hours.

13. Due to onerous productivity requirements set by Defendant, Plaintiff and other therapists worked off the clock or otherwise underreported their time. Defendant knew this off the clock work was occurring and expressly encouraged it.

14. Therapists who did not meet the productivity requirements were subject to discipline. In order to meet the productivity requirements, Plaintiff, and other similarly situated employees, routinely over reported the time they spent on lunch break, clocked out while remaining at work, finished paper work at home after clocking out, or a combination of the three. These practices are continuing as the time of the filing of this Complaint.

15. As a result of the under reporting of their time, Plaintiff and other therapists have been denied overtime payments that they are due. Defendant is aware that "off the clock" work is occurring and expressly encourages it.

16. Defendant did not pay Plaintiff and other therapists proper overtime compensation for all hours worked over forty (40) per workweek.

17. In failing to pay proper overtime compensation to Plaintiff and other therapists, Defendant acted knowingly and with reckless disregard of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential Opt-In Plaintiffs:

> All current and former therapists employed by Defendant at any of their Texas locations since January 5, 2015 who worked off the clock to meet Defendant's productivity requirements and who worked over forty (40) hours in a workweek during at least one week during that time period.

19. Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

20. Plaintiff and the potential Opt-In Plaintiffs are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, Defendant did not pay Plaintiff or the potential Opt-In Plaintiffs proper overtime when they worked more than forty (40) hours in a workweek.

21. Defendant has failed to maintain records of all time spent working by its therapists as required pursuant to the FLSA.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of the Fair Labor Standards Act)

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Plaintiff and those she seeks to represent pursuant to 29 U.S.C. § 216(b) are employees of Defendant who are entitled to the FLSA's protections.

24. Defendant is an employer covered by the FLSA.

25. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207.

26. Defendant violated the FLSA by failing to pay overtime premium compensation to Plaintiff and similarly situated therapists.

27. In violation of the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. A trial by jury;

B. An order permitting this litigation to proceed as a collective action pursuant to 29

U.S.C. § 216(b);

C. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Opt-In Plaintiffs;

D. A declaration that Defendant violated the FLSA;

E. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for compensation for all unpaid and underpaid wages that Defendant failed and refused to pay in violation of the FLSA;

F. A finding that Defendant's violations of the FLSA were willful;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper.

Date: January 5, 2018

Respectfully submitted,

/s/ Charles S. Siegel
**CHARLES S. SIEGEL**
**(Texas Bar No. 18341875)**
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, TX 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252
Email siegel@waterskraus.com

**WM. PAUL LAWRENCE, II**
**(Texas Bar. No. 24004130)**
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, TX 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252
Email plawrence@waterskraus.com

**CAITLYN E. SILHAN**
**(Texas Bar No. 24072879)**
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, TX 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252
Email csilhan@waterskraus.com

**JERRY E. MARTIN (No. 20193)\***
**DAVID GARRISON (No. 24968)\***
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
Email jmartin@barrettjohnston.com
Email dgarrison@barrettjohnston.com

\* *Pro Hac Vice* Motions Anticipated

*Attorneys for Plaintiff*