# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| VALERIE LOY, § | | |
| On Behalf of All Others Similarly Situated, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:18-CV-00004 | |
| § | | |
| REHAB SYNERGIES, LLC, § | | |
| *Defendant.* § | | |

## DEFENDANT'S ORIGINAL ANSWER TO
## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendant Rehab Synergies, Inc., ("Rehab Synergies" or "Defendant") submits its Original Answer to Plaintiff's Collective Action Complaint ("Complaint"):

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring this action on behalf of herself and those similarly situated under the Fair labor Standards Act ("FLSA"). Defendant denies that it engaged in any unlawful acts or omissions that would give rise to Plaintiff's causes of action.

2. Defendant admits that Plaintiff purports to have worked more than forty hours per workweek without receiving overtime pay in violation of the FLSA. Defendant denies that it engaged in any unlawful acts or omissions that would give rise to Plaintiff's causes of action.

## JURISDICTION AND VENUE

3. To the extent that Plaintiff has: (1) properly perfected service of process; (2) timely filed her cause of action; and (3) stated a claim upon which relief may be granted, Defendant admits that the Court has subject matter jurisdiction under the statutes and provisions listed in Paragraph 3. Defendant denies that it has committed any violations or engaged in any wrongdoing, or that Plaintiff is entitled to any relief whatsoever.

4. Defendant admits that venue is proper, but Defendant denies that it engaged in any wrongdoing alleged in Paragraph 4 or that Plaintiff is entitled to any relief whatsoever.

**PARTIES**

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

**FACTS**

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits that Plaintiff worked for Defendant at two locations, Colonial Manor and McAllen Nursing Center, but denies that it engaged in any wrongdoing alleged in Paragraph 9 with regard to pay practices or that Plaintiff is entitled to any relief whatsoever.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits Plaintiff purports to bring this lawsuit on behalf of herself and all current and former therapists employed by Defendant at any of their Texas locations since January 5, 2015 who worked over forty (40) hours in a work week during at least one week

during that time period. Defendant denies that it engaged in any unlawful acts or omissions that would give rise to Plaintiff's causes of action, or that the proposed class of Opt-In Plaintiffs is properly defined.

19. Defendant admits that Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b). Defendant denies that it engaged in any unlawful acts or omissions that would give rise to Plaintiff's causes of action.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

## **FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of the Fair Labor Standards Act)**

22. Defendant is not required to admit or deny the statements in Paragraph 22. Defendant incorporates its responses to Paragraphs 1 through 22.

23. Defendant admits that Plaintiff purports to bring suit on behalf of herself and those she seeks to represent pursuant to 29 U.S.C. § 216(b) are employees of Defendant who are entitled to the FLSA's protections. Defendant denies that it engaged in any unlawful acts or omissions that would give rise to Plaintiff's causes of action.

24. Defendant is an employer covered by the FLSA.

25. Defendant is not required to admit or deny the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

## **PRAYER**

Defendant denies that Plaintiff is entitled to any of the relief requested in her Complaint, or any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserve their right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. Plaintiff's action fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3. Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiff were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

4. Plaintiff's claims for recovery of overtime compensation and liquidated damages are barred for hours allegedly worked without Defendant's actual or constructive knowledge. Plaintiff was responsible for reporting her hours of work. Defendant neither knew nor had reason to know Plaintiff was working any uncompensated overtime hours and was not accurately reporting her hours of work. Accordingly, Defendant is not liable for any alleged unpaid, unreported overtime hours.

5. Plaintiff is estopped from pursuing the claims set forth in the Complaint by reason of her own acts, omissions, and course of conduct.

6. To the extent Defendant notified, authorized, and permitted Plaintiff to take all required rest and/or meal periods at all times; any failure by Plaintiff to take all required rest and/or meal periods was caused by Plaintiff's own acts.

7. Plaintiff cannot satisfy her burden to prove that she performed substantial work for the predominant benefit of Defendant that Defendant knew was being, and permitted to be, performed, and that was not in the circumstances non-compensable.

8. Plaintiff's claims for unpaid overtime are barred, in whole or in part, because Defendant had a policy or practice prohibiting all forms of improper payment, including failure to pay overtime to non-exempt employees.

9. Plaintiff's claims are barred to the extent they seek recovery for employees covered by the learned professional exemption under the FLSA, 29 U.S.C. § 213(a)(1).

10. Neither Plaintiff nor those individuals she purports and/or seeks to represent are "similarly situated" as defined by the relevant case law under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§ 251-62.

11. Some or all of the time worked by Plaintiff and those individuals she purports and/or seeks to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. § 251-62, and to the extent that such time was engaged in activities that were preliminary or postliminary to their principal activities.

12. Assuming, *arguendo*, Plaintiff and those individuals she purports and/or seeks to represent could establish such actual claims, which is denied, Plaintiff and those individuals she purports and/or seeks to represent are not entitled to liquidated damages because, under Section 11 of the Portal-to-Portal Act, Defendant acted in good faith and has reasonable grounds for believing that the alleged acts or omissions were not a violation of the FLSA.

13. The claims of Plaintiff and those individuals she purports and/or seeks to represent are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception.

14. The claims that Plaintiff purports to bring on behalf of others are unsuited for collective treatment because they require individualized determinations.

15. Defendant, on all occasions in question, acted within the scope of its discretionary authority and with a reasonable good faith belief that their actions at all times in question were lawful and proper.

16. Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and that those employees had no express or implied authority to engage in acts that were inconsistent with Defendant's written rules. Any improper acts by certain individuals employed by or associated with Defendant were beyond the course and scope of employment and Defendant is not responsible for those actions, if any.

17. At no time did Defendant engage in any wage and hour practice in a manner known or believed to violate any applicable FLSA requirements, nor did Defendant willfully disregard any applicable FLSA requirements.

18. At all material times, Plaintiff was paid all sums of money to which Plaintiff was entitled.

19. Plaintiff has failed to allege facts sufficient to state a claim for liquidated damages.

WHEREFORE, Defendant Rehab Synergies, Inc., requests that Plaintiff take nothing by this cause, that Plaintiff's Collective Action Complaint be dismissed with prejudice, that Defendant be awarded its costs and attorneys' fees for having to defend against this suit, and that Defendant be awarded such other relief that the Court may deem as proper and just.

    Respectfully submitted,

*/s/ Derek T. Rollins*
Derek T. Rollins
Attorney-In-Charge
Texas Bar No. 24058079
Federal ID No. 820720
*derek.rollins@ogletree.com*
OGLETREE DEAKINS NASH
  SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
(512) 344-4700
(512) 344-4701 - Facsimile

ATTORNEYS FOR DEFENDANT
REHAB SYNERGIES, LLC

*Of Counsel:*

Bruce A. Griggs
Texas Bar No. 08487700
Federal ID No. 17847
*bruce.griggs@ogletree.com*
OGLETREE DEAKINS NASH
  SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
(512) 344-4700
(512) 344-4701 - Facsimile

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 27th day of February, 2018, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case filed system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

Charles S. Siegel
*siegel@waterskraus.com*
WM. Paul Lawrence, II
*plawrence@waterskraus.com*
Caitlyn E. Silhan
*csilhan@waterskraus.com*
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, Texas 75219

Jerry E. Martin
*jmartin@barrettjohnston.com*
David Garrison
*dgarrison@barrettjohnston.com*
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, Tennessee 37219

                                            */s/ Derek T. Rollins*
                                            Derek T. Rollins