IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **VALERIE LOY, On behalf of HERSELF** | § | |
| **and All Others Similarly Situated,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:18-CV-00004 |
| | § | |
| **REHAB SYNERGIES, LLC,** | § | |
| *Defendant.* | § | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE FINANCIAL STANDING OF REHAB SYNERGIES

Defendant Rehab Synergies, LLC, ("Defendant" or "Rehab") anticipates that Plaintiff Valerie Loy and the Opt-In Plaintiffs (collectively "Plaintiffs"), their counsel, and their witnesses will attempt to make reference to, comment about, and/or introduce evidence and present argument concerning the financial standing of Rehab. Because punitive damages are not available in conjunction with the claims brought here, evidence of Rehab's financial condition is not relevant and should be excluded in accordance with Federal Rule of Evidence 402. Moreover, the evidence should be excluded pursuant to Federal Rule of Evidence 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, including the risk that a jury hearing evidence regarding Defendant's financial condition will impose liability on Rehab simply because the jurors assume the Company "can afford it."

I. **EVIDENCE REGARDING REHAB'S FINANCIAL CONDITION SHOULD BE EXCLUDED**

   a. **Evidence Regarding Rehab's Financial Condition Is Not Relevant**

Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. Plaintiffs' claims allege that Defendant violated the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. by allegedly failing to pay Plaintiffs overtime compensation for off-the-clock work. Rehab's financial condition is not relevant to any issue in this case. Indeed, Rehab's financial condition is irrelevant in determining Defendant's liability, and is immaterial to a calculation of Plaintiffs' damages, if any, because Plaintiffs do not seek punitive damages in the Complaint, nor are punitive damages available under the FLSA. *See* Collective Action Complaint [Doc. 1]; *Diaz v. Castro*, 122 F. Supp. 3d 603, 617 (S.D. Tex. 2014) (punitive damages not available under the FLSA in excess of liquidated damages, if applicable); *see also Parkins v. Brown*, 241 F.2d 367, 368 n.2 (5th Cir. 1957) (evidence of financial condition of defendant only relevant if the case is one "warranting the jury in awarding punitive or exemplary damages"); *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982) (all parties are entitled to be treated equally before the Court without regard to relative wealth or poverty, or corporate status.).

      **b.**    **Evidence Regarding Rehab's Financial Condition is Prejudicial**

Because evidence of Rehab's financial condition does not tend to prove or disprove any elements of Plaintiffs' claims or Rehab's affirmative defenses, its probative value (zero) is substantially outweighed by the danger of unfair prejudice to Rehab in the event this irrelevant information is introduced at trial. *See* Fed. R. Evid. 403; *Graham v. All American Cargo Elevator*, 2013 WL 5604373, at *2 (S.D. Miss. Oct. 11, 2013) (explaining that even if net worth and financial condition have marginal relevance, "the value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."). References, comments, argument and/or evidence related to Rehab's financial condition have no purpose at trial other than to impassion the jury against Defendant, artificially increase a possible award of damages, and/or to confuse the issues by suggesting liability should be imposed simply because

2

Rehab "can afford it." *Datatreasury Corp. v. Wells Fargo & Co.*, 2010 WL 11468934, at *22 (E.D. Tex. Oct. 5, 2010) (granting Defendant's Motion in Limine because "any probative value of Defendant's financial size is substantially outweighed by the danger that the jury might set damages based on Defendants' ability to pay rather than on proper evidence of damages.").

## II. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion.

Respectfully submitted,

*/s/ Erika L. Leonard*
Derek T. Rollins
Attorney-In-Charge
Texas Bar No. 24058079
Federal ID No. 820720
Derek.rollins@ogletree.com
Erika L. Leonard
Texas Bar No. 24110740
Erika.leonard@ogletree.com
Jasmine Harding
Texas Bar No. 24101865
Jasmine.harding@ogletree.com
OGLETREE, DEAKINS
NASH, SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
(512) 344-4700 (Telephone)
(512) 344-4701 (Facsimile)

ATTORNEYS FOR DEFENDANT,
REHAB SYNERGIES, LLC

*Of Counsel:*

Bruce A. Griggs
Texas Bar No. 08487700
Federal ID No. 17847
bruce.griggs@ogletree.com
OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
(512) 344-4700 (Telephone)
(512) 344-4701 (Facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of June 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case filed system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

      Charles S. Siegel
siegel@waterskraus.com
Wm. Paul Lawrence, II
plawrence@waterskraus.com
Caitlyn E. Silhan
csilhan@waterskraus.com
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, Texas 75219

      Seth M. Hyatt
shyatt@barrettjohnston.com
Jerry E. Martin
jmartin@barrettjohnston.com
David W. Garrison
dgarrison@barrettjohnston.com
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, Tennessee 37219

      Roberto L. Ramirez
THE RAMIREZ LAW FIRM, PLLC
820 E. Hackberry Ave.
McAllen, Texas 78501
rr@theramirezlawfirm.com

      ATTORNEYS FOR PLAINTIFF

                                    */s/ Erika L. Leonard*
                                      Erika L. Leonard