**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **VALERIE LOY, On behalf of HERSELF**<br>**and All Others Similarly Situated,** | § <br> § <br> § | |
| *Plaintiff,* | § <br> § | |
| **v.** | § <br> § | **CIVIL ACTION NO. 7:18-CV-00004** |
| **REHAB SYNERGIES, LLC,** | § <br> § <br> § | |
| *Defendant.* | § | |

**DEFENDANT'S TRIAL PLAN BRIEFING**

In advance of the parties' second Pretrial Conference, the Court requested the parties to brief certain trial plan issues. Defendant Rehab Synergies, Inc. ("Defendant") files this brief to address the jury's determination of liability and damages as to the 33 remaining Plaintiffs, and the suggestion of time limits on testimony.

**I.     The jury is required to determine whether each Plaintiff has proven by a preponderance of the evidence that he or she worked off-the-clock without compensation and with Defendant's actual or constructive knowledge.**

As previously fully briefed in Defendant's Motion in Limine to Permit Individual Liability Determinations setting forth that due process and the Seventh Amendment right to trial by jury require the jury to make individual liability determinations where the evidence would permit a reasonable jury to make such findings. *See* Dkt. 84; and reply at Dkt. 91. Rather than repeat that analysis, which is already before the Court, Defendant focuses here on the question raised by the Court in the September 8 pretrial conference, as to the form of the special interrogatories that the jury would be asked to decide regarding liability. Defendant agrees, as set forth in its proposed jury instructions and verdict form (Dkt. 81-7) that the jury should specifically answer as to its finding of liability as to each Plaintiff: 1) he "performed work for which he was not properly

compensated", *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. Appx. 448, 455 (5th Cir.2009), 2) Defendant "suffered or permitted" such work through actual or constructive knowledge that Plaintiff worked off-the-clock, *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir.1995), and 3) the amount of overtime pay he is owed, as matter of "just and reasonable inference," *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 663 (S.D. Tex. 2013). *See* Defendant's Proposed Verdict Form, Jury Question No. 1 (Dkt. 81-7, p. 19).

## II. The jury can determine damages, if any, for each Plaintiff, as the amount and frequency of alleged off-the-clock time rather than calculating the resulting monetary award.

At the September 8 conference, the Court asked the parties whether the jury could be asked to determine the number of off-the-clock hours to be awarded, without performing the mathematical calculation of the total dollar amount of damages. It is Defendant's understanding that the parties agree to the following with respect to the calculation of damages in this case:

1) That there is no dispute as to the rate of pay that is applicable to each Plaintiff in each work week of the Plaintiff's individual limitations period. Records were produced by Defendant in discovery setting forth the applicable pay rates, and neither those records nor the calculation of the "regular rate of pay" for overtime purposes are in dispute. The parties will stipulate to the use of these records for identifying the rate of pay and calculating the 1.5x overtime rates for damages purposes.

2) There is no dispute as to the recorded hours worked by each Plaintiff that have already been compensated in each work week of the Plaintiff's individual limitations period. Records were produced by Defendant in discovery setting forth the number of hours that each Plaintiff was already compensated, and those records are not in dispute. The parties will stipulate to the use of these records for identifying the work weeks, if any, in which each Plaintiff would be entitled to an award of overtime after applying any unpaid work time found by the jury.[1]

---

[1] There is a remaining dispute, however, as to the applicable limitations period for each Plaintiff. Whether the two year or three year limitations applies will only be known after the jury makes a determination as to the issue of willfulness. In addition, as set forth in Defendant's Motion to Exclude Plaintiffs' Expert, there may also be a dispute as to the proper application of the tolling agreement that was entered into at the outset of the case. (Dkt. 61, p. 12-14).

3) There is no dispute that a Plaintiff is not entitled to an award of any damages for any work week in which, after applying any unpaid work time found by the jury for that work week, the Plaintiff still did not work more than 40 hours that week.

Defendant agrees that, given these agreements, the jury can be asked to make an award, if any, of the total number of unpaid hours per Plaintiff rather than a total dollar figure of damages, and that there is precedent for proceeding in this manner. *See* Eighth Circuit Manual Model Civil Jury Instructions, excerpt attached hereto as Exhibit A, and Section IIA.

## A. Calculations of off-the-clock time, if any, must be made for each Plaintiff for each workweek.

The FLSA requires calculation of overtime on a workweek by workweek basis. 29 USC § 207(a). As such, the jury's award must reflect its determination of the amount of additional unpaid time *that is allegedly owed in each* workweek. A week by week determination is particularly necessary where, as here, the evidence will show that even Plaintiffs who claim to have worked off-the-clock in some workweeks did not work off-the-clock in other workweeks, and where the jury may conclude based on the evidence presented at trial that the amount of overtime, if any, varied from week to week. It is not sufficient, as Plaintiffs argue, to require the jury to select a single number of daily or weekly overtime that it must apply equally to every single workweek in the limitations period. *See* Section IIB, *infra*. Each Plaintiff is required to establish both the amount **and** the frequency of the alleged off-the-clock work. *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (plaintiff must prove by a preponderance of the evidence "the amount *and extent* of that work as a matter of just and reasonable inference"). The jury is entitled to find, based on the evidence, that the frequency is less than every workweek, and cannot be instructed to award damages every week irrespective of their findings of fact.

The Fifth Circuit, Eighth Circuit and Eleventh Circuit pattern jury instructions have specific instructions related to FLSA claims. However, neither the Fifth nor Eleventh Circuit

instructions contain detailed instructions as to how the jury calculates damages. The Eighth Circuit's Manual Model Civil Jury Instructions specifically set forth instructions and jury interrogatories related to the calculation of damages in FLSA cases, and those instructions require the jury to determine damages on a week by week basis as proposed by Defendant:

> 16.70 Damages. If you find in favor of plaintiff under Instruction No. _____ … you must award plaintiff damages in the amount that plaintiff should have been paid in [overtime compensation], less what defendant actually paid plaintiff. …
>
> [The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek, times the regular rate for that workweek, times one and one-half, as set forth in Instruction No. _____ .]
>
> **You must calculate [this amount] [these amounts] separately [for each plaintiff] for each workweek.**
>
> In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing defendant.

*See* Exhibit A, Model Instruction 16.70 (Employment- Fair Labor Standards Act; Damages) (2020) (emphasis supplied).

The Eighth Circuit Model Instructions set forth an alternative jury instruction where, as the Court is contemplating here, the jury is asked to submit a finding only as to the hours, but will not be asked to calculate damages, and that instruction also requires the jury to determine damages in the manner proposed by Defendant:

> 16.71 Damages (Only Hours Worked Submitted to Jury). If you find in favor of plaintiff under Instruction No. _____ … **you must determine the number of hours worked in each workweek.**

*See* Exhibit A, Model Instruction 16.71 (Employment- Fair Labor Standards Act; Damages (Only Hours Worked Submitted to Jury)) (2020) (emphasis supplied).

Finally, the Eighth Circuit Model Instructions include a Special Verdict Form containing interrogatories as to damages when the jury is asked only to determine hours worked, which makes clear that the jury must identify the number of hours it is awarding *to each plaintiff in each workweek*:

Question No. 5:    For each workweek on the attached table, state plaintiff's hours worked, as that term is defined in Instruction No._____.

...

| Workweek Beginning Date | Workweek Ending Date | Hours Worked |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*See* Exhibit A, Model Instruction 16.91 (Employment- Fair Labor Standards Act; Special Verdict Form: Interrogatories (Hours Worked)) (2020).

The Eighth Circuit special interrogatories to be used where the jury is completing the full dollar calculations of damages (not just hours worked) contains the same language and chart for the jury to set forth its week by week calculations for each Plaintiff. *See* Exhibit A, Model Instruction 16.91 (Employment- Fair Labor Standards Act; Special Verdict Form: Interrogatories

(Damages)) (2020). The jury should perform the same week by week analysis here, as required by the FLSA.

If the Court declines to use the Eighth Circuit model instructions and verdict form that address this precise situation, it would not be proper to adopt Plaintiff's proposal to require the jury to award the same amount of hours to a single Plaintiff in every workweek. Instead, at a bare minimum, the jury must be required to identify for each Plaintiff both the number of off-the-clock hours to be applied to each week **and** the percentage of eligible workweeks in which the jury finds that the Plaintiff worked that fixed number of off-the-clock time.

**B.      A jury's findings of fact must be supported by the evidence.**

Plaintiffs are expected to argue that under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), they are only required to give their best estimate of damages, and that therefore they can ask the jury to apply each Plaintiff's "best estimate" of weekly off-the-clock work to every "eligible" week in the limitations period.[2] However, this reading of *Mt. Clemens* greatly overstates its actual holding. *Mt. Clemens* addressed whether the rule precluding the recovery of uncertain or speculative damages should be applied to prohibit *any* recovery in an FLSA case where the plaintiff could not establish damages with absolute certainty. *Id.*, 328 at 688. The Supreme Court found it inappropriate to apply such a rule in the FLSA context once a plaintiff "has proved that he has performed work and has not been paid in accordance with the statute," because at that juncture, the *fact* of damage is certain, and only the amount is uncertain.

---

[2] The parties agree that no damages can be awarded in workweeks where, even after the addition of the alleged off-the-clock work, a plaintiff did not work more than 40 hours. For each Plaintiff, then, there will be a maximum number of "eligible" weeks during their limitations period, but the actual number of weeks with damages may be less depending on the amount of overtime the jury awards.

But *Mt. Clemens* does *not* stand for the proposition that the jury simply awards a plaintiff his or her "best estimate" of off-the-clock work as damages. To the contrary, *Mt. Clemens* requires that a plaintiff produce "sufficient evidence to show the amount and extent of that work *as a matter of just and reasonable inference*." *Id.*, 328 at 687. The jury is not required to take the plaintiff's word for it. Moreover, the employer may then "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*, 328 at 688. Nothing in *Mt. Clemens* would permit the Court to force the jury to make a damages calculation that does not reflect the evidence, such as requiring them to apply the same amount of off-the-clock time to every one of a Plaintiff's workweeks if a reasonable juror could determine that additional off-the-clock work only occurred in certain weeks, or that different amounts were worked in different weeks.

It is also anticipated that Plaintiffs will argue that the jury should be asked to assign a single number of off-the-clock time to be added to every day or week that Plaintiffs worked, because such process is purportedly "simpler" than permitting the jury to make week by week calculations. If the jury believes that the off-the-clock work estimated by the Plaintiff did not occur in every work week, Plaintiffs argue that the jury can simply reduce the weekly average amount to account for the fact that it did not occur in every single week.

First, such methodology is not "simpler" that Defendant's proposal in practice. If the jury finds that the evidence establishes that a Plaintiff's off-the-clock work did not occur in every single work week, for example, then the only means the jury has for accounting for the factual finding it has made would be a complicated formulation to determine how many work weeks they think the Plaintiff worked off-the-clock, calculate what proportion of the total liability period those weeks with off-the-clock work represent, and then reducing the daily or weekly off-the-clock time by the

same proportion. For instance, if the evidence demonstrates that a plaintiff's off-the-clock work was limited to a period of 30 minutes per week for a period of six weeks, but the plaintiff worked for a year during the limitations period, then for the jury to "translate" its factual findings into a single per week off-the-clock amount that could be applied evenly over 52 weeks: 6 weeks in which off-the-clock work occurred / 52 weeks in a year = 11.53% of weeks in which overtime was worked during the plaintiff's one-year limitations period x .5 hours per week = an average of .057 hours of off-the-clock work per week spread across the year / 60 minutes in an hour = 3.42 minutes of overtime per week x 52 weeks in limitations period = 2.964 total hours of overtime. This is a needlessly complex mathematical calculation. It is far simpler to ask the jury to simply write the number of awarded off-the-clock time, if any, for each week. In that case, the jury would record .5 hours in six of the weeks (3 hours total) and 0 in the remaining weeks: a straight-forward exercise.

Second, this method of forcing a single number onto every single workweek regardless of the evidence suffers from the same faults that caused the Court to exclude Plaintiffs' expert's testimony and methodology as unreliable. That is, the Court found it improper for Plaintiffs' counsel and Dr. Fox to have reduced a plaintiff's testimony that she worked off-the-clock between 1 and 2 hours per week to simply "2 hours per week." *See* Order, Dkt. 106. Similarly, Plaintiffs' proposal would ask that the jury be *required* to interpret testimony of "an average of 1 to 2 hours of uncompensated work per week" as a single number between 1 and 2 hours that can be applied the same to every single workweek. The jury is not required to do that if that is not consistent with the facts the jury finds. If the jury determined, for instance, that the proper award was 1 hour per week for a certain period of time, 1.5 hours for another period of time, and 0 hours at another time, they cannot be required to make an inconsistent damages award.

Finally, the language of *Mt. Clemens* itself undermines Plaintiffs' argument that the jury need only decide a single amount of unpaid overtime and that the Court may simply assume that it applies in every week. *Mt. Clemens* requires that a plaintiff produce "sufficient evidence to show the amount **and** extent of that work as a matter of just and reasonable inference." *Id*., 328 at 687 (emphasis supplied). In other words, both the amount of the alleged off-the-clock work each workweek must be established **and** the frequency that such work occurred must be taken into account by the just in calculating damages. Plaintiff may hope to prove that the overtime occurred in every work week, but that is a disputed issue of fact for the jury to decide.

Because evidence will be presented at trial to "negative the reasonableness of the inference to be drawn from the employee's evidence" that off-the-clock work was performed by *every* Plaintiff during *every* week (*id*., 328 at 688), the jury must not be required to enter factual findings of weekly unpaid overtime if they find that is not supported by the evidence. In other words, the jury cannot be instructed that irrespective of the frequency with which it finds that off-the-clock work occurred, if at all, that it must award overtime equally in every single week. *See Bank of Leavenworth v. Hunt*, 78 U.S. 391, 394 (1871) ("Courts cannot assume, in their instructions to juries, that material facts upon which the parties rely are established, unless they are admitted, or the evidence respecting them is not controverted. The courts would otherwise encroach upon the appropriate and exclusive province of juries."); *Hartsell v. Dr. Pepper Bottling Co. of Tex.*, 207 F.3d 269, 275-76 (5th Cir. 2000) (a new trial is the appropriate remedy for a prejudicial error in jury instructions).

## III. Time Limits

The Court has also suggested that it may find it necessary to impose time limits for the questioning of witnesses at trial in light of the fact that 33 Plaintiffs will testify. A district court has discretion to manage its docket, including trial procedure and the conduct of trial. *Sims v. ANR*

*Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996). The Fifth Circuit has found that a court's discretion has limits, however, such as "[w]hen the manner of the presentation of information to a jury is judicially restricted to the extent that the information becomes incomprehensible" and when the restrictions interfere with the purpose of the trial "to be a search for the truth." *Id.* (citing *Nix v. Whiteside*, 475 U.S. 157, 158 (1986)).

At the September 8 Pretrial Conference, Plaintiffs' counsel stated his belief that the first few Plaintiffs to testify may require more testimony time than later Plaintiffs, as they would provide some general background facts to which each subsequent Plaintiff would not necessary need to independently testify. This makes some sense as, for instance, once Plaintiffs have described the duties and responsibilities of each of the job titles at issue, it would be cumulative for each subsequent Plaintiff in that job title to testify as to the same evidence.

By the same token, each Plaintiff is required to testify to establish not only liability, but also as to his or her alleged entitlement to a specific quantum of overtime work during his or her limitations period. Due process requires that Defendant be permitted to raise its individual defenses as to liability and elicit individualized testimony from each Plaintiff. *See* Defendant's extensive prior briefing at Dkt. 62, 72, 84, 91. As to damages, Defendant is also permitted to present "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence" of their alleged off-the-clock work. *Mt. Clemens*, 328 at 688.

Time limits cannot be so restrictive as to prevent a party from asserting their claim or applicable defenses. Given Plaintiffs' counsel's comments regarding the manner that Plaintiffs intend to present their proof, it is anticipated that Defendant's cross in order to address its defenses as to liability and to "negative the reasonableness" of each Plaintiff's purported damages may take longer than Plaintiff's direct examination for some witnesses. In addition, in this case, the expected

testimony of witnesses is expected to be of varying lengths not conducive to setting a per witness time limit. The amount of time that each Plaintiff worked during the limitations period varies greatly (from a few months to four or five years), as does the number of facilities in which they worked, the number of supervisors to whom they reported, etc. Defendant agrees that the Court may intervene to shorten testimony that has become cumulative (for instance, every single Physical Therapist need not explain in detail what their job duties are and not every witness needs to re-explain what productivity is), but suggests that the parties will need more flexibility in the presentation of proof than would be afforded by strict per-witness time limits.

Respectfully submitted,

*/s/ Erika L. Leonard*
Derek T. Rollins
Attorney-In-Charge
Texas Bar No. 24058079
Federal ID No. 820720
Derek.rollins@ogletree.com
Bruce A. Griggs
Texas Bar No. 08487700
Federal ID No. 17847
bruce.griggs@ogletree.com
Erika L. Leonard
Texas Bar No. 24110740
Erika.leonard@ogletree.com
Jasmine Harding
Texas Bar No. 24101865
Jasmine.harding@ogletree.com
OGLETREE, DEAKINS
NASH, SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
(512) 344-4700 (Telephone)
(512) 344-4701 (Facsimile)

ATTORNEYS FOR DEFENDANT,
REHAB SYNERGIES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case filed system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

Charles S. Siegel
siegel@waterskraus.com
Wm. Paul Lawrence, II
plawrence@waterskraus.com
Caitlyn E. Silhan
csilhan@waterskraus.com
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, Texas 75219

Seth M. Hyatt
shyatt@barrettjohnston.com
Jerry E. Martin
jmartin@barrettjohnston.com
David W. Garrison
dgarrison@barrettjohnston.com
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, Tennessee 37219

Roberto L. Ramirez
THE RAMIREZ LAW FIRM, PLLC
820 E. Hackberry Ave.
McAllen, Texas 78501
rr@theramirezlawfirm.com

ATTORNEYS FOR PLAINTIFF


*/s/ Erika L. Leonard*
Erika L. Leonard