IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VALERIE LOY, On behalf of HERSELF and All Others Similarly Situated, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 7:18-CV-00004 |
| REHAB SYNERGIES, LLC, | § § § | |
| *Defendant.* | § | |

## DEFENDANT'S REPLY IN SUPPORT OF TRIAL BRIEF

Defendant Rehab Synergies, LLC files this brief reply to Plaintiffs' Response to Defendant's Trial Brief filed by Plaintiff Valerie Loy yesterday.

First, in her Response, Plaintiff criticizes Defendant's proposal as "relying exclusively on the Eighth Circuit's pattern jury instructions." [Dkt. 114]. However, Plaintiff's own damages proposal relies on a single verdict form used in a Western District of Tennessee case. [Dkt. 113].

Second, the Tennessee case on which Plaintiffs rely is materially different from the case here, and therefore its verdict form is not instructive. According to Plaintiffs' trial plan brief, the Tennessee case involved 293 cable technicians; the attached verdict form from that case shows that only 17 of those plaintiffs testified at trial. (*Id.*). Where 17 "representative" plaintiffs testify on behalf of 293 plaintiffs, there is unlikely to be any specific evidence presented from which a jury could have made factual determinations about the 276 absent plaintiffs' work on a week by week basis. Here, by contrast, Plaintiffs are not proceeding on "representative" proof. All 33 Plaintiffs are required to testify as to their individual damages. After hearing individualized testimony of each Plaintiff's damages during their potential liability period, the jury cannot be

prevented from awarding damages in conformance with that evidence, including awarding different amounts in different workweeks.

Nothing about the case being styled as a collective action changes the fact that the FLSA requires calculation of overtime on a workweek by workweek basis (*see* 29 USC § 207(a)) and Plaintiffs cite no evidence to support the proposition that if the jury hears evidence that individual plaintiffs worked different hours during different periods of time that they must nevertheless distill damages down to a single "average" to apply evenly to each week (or, as Plaintiffs urge, each day). As the Eighth Circuit notes in its overview to its FLSA Model Instructions, in an off-the-clock case, **plaintiffs "are to be awarded compensation on the most accurate basis possible."** *See* 16.00 (Employment- Fair Labor Standards Act; Overview; Significance of Recordkeeping (2020) (emphasis supplied) (citing *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990) and *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) (once liability is established, plaintiffs are entitled "to the payment for the work on the most accurate basis possible under the circumstances")).

Third, the Eighth Circuit instructions cited by Defendant are instructive here. As Plaintiff's Response concedes [Dkt. 114], the instructions state that as written they are intended for use in cases involving "one (or a few) plaintiffs," but also acknowledge that a court may modify them for use in a collective action. *See* 16.00 (Employment- Fair Labor Standards Act; Overview; Significance of Recordkeeping (2020)). The instructions further explain that collective actions under the FLSA are different from Rule 23 class actions, and that:

> The full effect of these procedural differences [of a collective action] continues to be explored by the courts, **and disputes often arise concerning the extent to which evidence may be presented on a representative basis**. District courts should carefully consider the manner in which these instructions may [be] modified for use in collective actions.

2

*Id*. (emphasis supplied). Here, there is no longer any dispute regarding presenting evidence on a representative basis because each Plaintiff is individually testifying, and model instructions contemplating the testimony of individual plaintiffs can be appropriately modified for use here where the case is also proceeding on the testimony of individual plaintiffs.

Fourth, Plaintiffs repeatedly cite to *Mt. Clemens* on their burden of proof to establish alleged damages, but *Mt. Clemens* offers no support for the suggestion that the jury is *required* to award damages on an "average" basis, evenly in every work week. To the contrary, *Mt. Clemens* expressly states that there are *two* data points that plaintiffs must prove by a preponderance of the evidence "as a matter of just and reasonable inference": "the amount **and** extent of that work." 328 U.S. at 687 (emphasis supplied). Plaintiffs agree that they must establish the "amount" of alleged off-the-clock work, but want the jury to be asked to assume that the "extent" of the work is every single work week. This is contrary to their burden as set forth by the Supreme Court in *Mt.Clemens* and contrary to the Fifth Circuit's pattern instruction they cite [Dkt. 114], which also reiterates that "Plaintiff [name] must prove by a preponderance of the evidence a reasonable estimate of **the amount and extent** of the work for which [he/she] seeks pay." *See* Fifth Circuit Pattern Jury Instructions (Civil) §11.24(B) (For cases involving issues of inadequate records of hours worked) (2020) (emphasis supplied). As set forth in Defendant's trial plan brief, the jury is entitled to find, based on the evidence, that the frequency is less than every workweek, and *at a minimum*, the jury must be permitted to identify for each Plaintiff both the number of off-the-clock hours to be applied to each week ("the amount") and the percentage of eligible workweeks in which the jury finds that the Plaintiff worked that fixed number of off-the-clock time ("the extent"). [Dkt. 112].

Fifth, Plaintiffs' proposal is not simpler just because their verdict form would be shorter. As set forth in Defendant's trial plan brief [Dkt. 112], in order for the jury to use Plaintiffs' limited form to account for variations in damages to be awarded between different work weeks, the jury would be required to perform complicated mathematical calculations to appropriately pro-rate their "average hours" worked evenly across all work weeks even if they do not find facts supporting this even distribution. *See* also Dkt. 112, at p. 9 (a procedure preventing the jury from awarding damages in conformance with the evidence improperly invades the province of jury as fact finders). It is much simpler for the jury to put a number by each work week (Defendant's proposal) than to ask them to perform a complex mathematical proration (Plaintiffs' proposal).

Plaintiffs also argue in their response that Defendant's proposal won't work because the jury also decides willfulness, which will affect the maximum number of workweeks in which they could award damages. [Dkt. 114]. This issue is easily resolved by two alternative damages forms that reflect the appropriate eligible workweeks, and an instruction to use Set A (three years) if they find willfulness and Set B (two years) if they have not found willfulness.

Finally, Plaintiffs suggest that the jury should award off-the-clock hours, if any, on a *daily* rather than weekly basis. [Dkt. 113]. There is no daily overtime under the FLSA; the FLSA requires calculation of overtime on a workweek by workweek basis. 29 USC § 207(a). Plaintiffs suggest that a daily figure is necessary in case a plaintiff did not work the entire workweek. However, overtime only accrues once an employee has worked 40 hours in a work week, regardless of the number of days worked.

Respectfully submitted,

*/s/ Erika L. Leonard*
Derek T. Rollins
Attorney-In-Charge
Texas Bar No. 24058079
Federal ID No. 820720
Derek.rollins@ogletree.com
Erika L. Leonard
Texas Bar No. 24110740
Erika.leonard@ogletree.com
Bruce A. Griggs
Texas Bar No. 08487700
Federal ID No. 17847
Bruce.griggs@ogletree.com
Jasmine Harding
Texas Bar No. 24101865
Jasmine.harding@ogletree.com
OGLETREE, DEAKINS
NASH, SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
(512) 344-4700 (Telephone)
(512) 344-4701 (Facsimile)

ATTORNEYS FOR DEFENDANT,
REHAB SYNERGIES, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of September 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case filed system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

Charles S. Siegel
siegel@waterskraus.com
Wm. Paul Lawrence, II
plawrence@waterskraus.com
Caitlyn E. Silhan
csilhan@waterskraus.com
WATERS KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, Texas 75219

Seth M. Hyatt
shyatt@barrettjohnston.com
Jerry E. Martin
jmartin@barrettjohnston.com
David W. Garrison
dgarrison@barrettjohnston.com
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, Tennessee 37219

Roberto L. Ramirez
THE RAMIREZ LAW FIRM, PLLC
820 E. Hackberry Ave.
McAllen, Texas 78501
rr@theramirezlawfirm.com

ATTORNEYS FOR PLAINTIFF

                                                      */s/ Erika L. Leonard*
                                                      Erika L. Leonard